UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX HOUCK,<br><br>        Plaintiff,<br><br>    v.<br><br>WESLEY PHILLIPS, CHRISTINA PHILLIPS,<br><br>        Defendants. | No. 2:18-cv-03283-KJM-KJN<br><br>ORDER |

On December 28, 2018, defendants Wesley Phillips and Christina Phillips,[1] proceeding pro se, removed this unlawful detainer action from Stanislaus County Superior Court. ECF No. 1. Defendants also filed a motion to proceed in forma pauperis. ECF No. 3. As explained below, the court REMANDS the case to the Stanislaus County Superior Court and DENIES as moot defendants' motion to proceed in forma pauperis.

When a "civil action . . . of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction:

---

[1] Although the notice of referral refers to "defendant" in the singular and specifically refers to defendant Wesley Phillips, it is signed by both Wesley Phillips and Christina Phillips. ECF No. 1 at 3.

1

(1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot be based on an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants' notice of removal asserts the court has federal question jurisdiction under § 1331 "because [this case] originally could have been filed in this court pursuant to 28 U.S.C. 1441(a) and/or (b)." ECF No. 1 at 2. Specifically, defendants argue that although this is an unlawful detainer action, they "with held [sic] rent due to Plaintiff discriminating against Defendant by violating the Fair housing act [sic] and 42 U.S.C. 3604(f) (3) (A) [sic] by refusing to permit, [sic] reasonable modification of the premises necessary to afford full enjoyment of the premises to Defendant Disability [sic]." *Id.* (emphasis omitted). Defendants also contends plaintiff's property is not "up to code," and "Defendant [sic] pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." *Id.* at 2-3.

Plaintiff's complaint asserts only an unlawful detainer claim, which is a matter of state law. *See* ECF No. 1 at 4-6 (complaint). Defendants' answer and potential counterclaims alleging violations of the Fair Housing Act cannot establish federal question jurisdiction in this court. *See* ECF No. 1 at 7-9 (answer contending in part that plaintiff is pursuing this action "to retaliate against defendant" and has violated "the Constitution or laws of the United States or California"); *see also Robinson v. Wall*, No. 218CV00885TLNCKD, 2018 WL 1756439, at *2 (E.D. Cal. Apr. 12, 2018) (remanding unlawful detainer action where removing "[d]efendants assert[ed] subject matter jurisdiction by alleging violations of the FHA and federal civil rights

2

law" because "removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question . . .") (citations omitted). Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

The court sua sponte finds that it lacks subject matter jurisdiction and REMANDS this case to Stanislaus County Superior Court. Defendants' motion for in forma pauperis status is DENIED as MOOT.

IT IS SO ORDERED.

DATED: January 9, 2019.

_____
UNITED STATES DISTRICT JUDGE